**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert William Robertson, Appellant,

v.

Huddle House, Inc., Respondent.

Appellate Case No. 2017-000748

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

Unpublished Opinion No. 2018-UP-413
Submitted September 1, 2018 – Filed November 7, 2018

**AFFIRMED**

Bradley A. Brodie, of Smith, Massey, Brodie, Guynn & Mayes, LLC, of Aiken, for Appellant.

Paul Knapp Simons, Jr., of Hull Barrett, PC, of Aiken; and David Brooks Kirkley Hudson, of Augusta, GA, both for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 542 (Ct. App. 2008) ("When reviewing a judgment made in a law case tried by a master[-in-equity] without a jury, the appellate court will not disturb the

master[-in-equity]'s findings of fact unless the findings are found to be without evidence reasonably supporting them."); *Middleton v. Eubank*, 388 S.C. 8, 14, 694 S.E.2d 31, 34 (Ct. App. 2010) ("A declaratory judgment action is neither legal nor equitable, but is determined by the nature of the underlying issue."); *id.* ("A lease agreement is a contract, and an action to construe a contract is an action at law."); *id.* ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." (quoting *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009))); *id.* ("When a contract's language is clear and unambiguous, the language alone determines the force and effect of the contract."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 92, 594 S.E.2d 485, 492 (Ct. App. 2004) ("In South Carolina, two contracts executed at different times relating to the same subject matter, entered into by the same parties, are to be construed as one contract and considered as a whole."); *id.* at 92, 594 S.E.2d at 492-93 ("Moreover, where one of the contracts explains, amplifies, or limits the other, those provisions will be given effect between the parties so that the whole agreement, as actually contracted by the parties, may be effectuated."); *id.* at 93, 594 S.E.2d at 493 ("This rule applies even where the parties are not the same, if the several instruments were known to all the parties and were delivered the same time to accomplish an agreed purpose.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.